UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SALVATORE CARBONARO,

                Plaintiff,          **COMPLAINT**

      - against -

ALTICE USA, INC.- LONG TERM DISABILITY    **18-cv-6146**
PLAN and ALTICE USA, INC.,

                Defendants.
------------------------------------------------------------x

      Plaintiff SALVATORE CARBONARO, by his undersigned attorneys, the Law Office of Christopher P. Foley, LLC, as and for a complaint against the above-captioned defendants, alleges as follows:

## JURISDICTION AND VENUE

      1.    This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and specifically 29 U.S.C. § 1132(a)(1)(B).

      2.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f).

      3.    Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), because the subject plan is administered in the Eastern District of New York, the subject breach took place in the Eastern District of New York, and the defendants reside or may be found in the Eastern District of New York.

## THE PARTIES

      4.    Plaintiff SALVATORE CARBONARO ("CARBONARO") is a natural person and a citizen of the State of New York, residing at 2030 West 11th Street, Apt. 2, Brooklyn, New York.

5. Upon information and belief, at all times hereinafter mentioned, defendant ALTICE USA, INC.- LONG TERM DISABILITY PLAN (the "Plan") was and is an "employee welfare benefit plan" and a "welfare plan," as defined by 29 U.S.C. § 1002(1), and an "employee benefit plan" and "plan," as defined by 29 U.S.C. § 1002(3).

6. Upon information and belief, at all times hereinafter mentioned, defendant ALTICE USA, INC. was and is the "administrator" of the Plan, as defined by 29 U.S.C. § 1002(16)(A).

## BACKGROUND

7. CARBONARO began working for Cablevision Systems Corporation ("Cablevision") in November 2005.

8. In or about September 2007, CARBONARO's position with Cablevision shifted from "field sales" to "field collector."

9. In or about June 2016, Cablevision was acquired by defendant ALTICE USA, INC.

10. On or about March 11, 2017, owing to circumstances related to his health, CARBONARO ceased working and thereafter timely submitted a claim for long-term disability ("LTD") benefits under the Plan.

11. By letter from Liberty Life Assurance Company of Boston ("Liberty Life") dated September 20, 2017, CARBONARO was advised that his claim for LTD benefits was approved effective September 8, 2017.

12. Thereafter, CARBONARO continued to receive monthly LTD benefit payments until, by letter dated January 25, 2018, he was advised by Liberty Life that his claim is being terminated because, in its view, CARBONARO "can

perform, with reasonable continuity, the material and substantial duties of his occupation on a part-time basis."

13. By letter dated February 9, 2018, CARBONARO timely appealed the termination.

14. By letter from Liberty Life dated March 30, 2018, CARBONARO's appeal was denied and the decision to terminate benefits was upheld.

15. CARBONARO has exhausted his administrative remedies.

16. By letter dated October 2, 2018, Liberty Life was requested to reconsider.

17. By letter dated October 19, 2018, Liberty Life declined to do so.

### **AS AND FOR A FIRST CAUSE OF ACTION**

18. CARBONARO repeats and reiterates paragraphs "7" through "17," as if fully set forth at length herein.

19. Both the decision to terminate CARBONARO's claim, and the decision to deny his appeal, were rendered in violation of CARBONARO's rights under ERISA.

20. Accordingly, defendants are liable to CARBONARO for a sum equal to all the LTD benefits that have accrued since the termination up to the date of judgment herein, together with prejudgment interest at a rate to be established by the Court.

21. Additionally, CARBONARO is entitled to recover his attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

**WHEREFORE** CARBONARO demands judgment:

(i) awarding him a sum equal to all the LTD benefits that have accrued since the termination up to the date of judgment herein, together with prejudgment interest;

(ii) awarding him his attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

(iii) for such other and further relief as to this Court may seem just and proper.

Dated: Katonah, New York
November 2, 2018

Yours, etc.,

LAW OFFICE OF
 CHRISTOPHER P. FOLEY, LLC

By: _____
Christopher P. Foley (CF 6079)

Attorneys for Plaintiff
The Katonah Professional Building
51 Bedford Road
Katonah, New York 10536
(914) 301-5925